UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE EVANS,<br><br>             Plaintiff,<br><br>  v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>             Defendants. | Case No. 23-cv-0883-BAS-WVG<br><br>**ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM (ECF No. 32)** |

Pending before the Court is an ex parte motion by Plaintiff Jesse Evan's Counsel to appoint Coleen Cusack as guardian ad litem for this matter. (ECF No. 32.) Plaintiff is a homeless adult living with paranoid schizophrenia. (*Id.*) For the following reasons, the Court **GRANTS** the motion and appoints Coleen Cusack as guardian ad litem for Plaintiff for this matter. (*Id.*)

I.   **Legal Standard**

Federal Rule of Civil Procedure 17(c)(1) requires that for individuals "with a representative," the "following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2) establishes that "[t]he court must appoint a guardian ad

litem . . . to protect a minor or incompetent person who is unrepresented in an action." An individual's capacity to sue is determined by the law of his domicile. Fed. R. Civ. P. 17(b). Under California law, "a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing Cal. Civ. Proc. Code § 372; *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); and *In re Sara D.*, 87 Cal. App. 4th 661, 666-67 (2001)). Evidence of incompetence may be drawn from a variety of sources, but the evidence must "speak . . . to the court's concern . . . whether the person in question is able to take part meaningfully in the proceedings." *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993).

The decision whether to appoint a guardian ad litem is "normally [] left to the sound discretion of the trial court," and the main consideration for the district court is protection of the incompetent plaintiff's interest. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804–05 (9th Cir. 1986). A guardian "must not face an impermissible conflict of interest with the ward." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (citations omitted). Courts may also take into consideration the relationship between the incompetent plaintiff and the proposed guardian as well as the proposed guardian's experience, objectivity, and expertise. *Id.*

## II.  Discussion

The Complaint in this matter alleges Plaintiff is disabled and living with paranoid schizophrenia. (ECF No. 29 at ¶ 3.) His paranoid schizophrenia includes "frequent breaks from reality, including at all times relevant to this case, and his overall touch with reality is thin." (*Id.* at ¶ 13.) Plaintiff's Counsel attests in a declaration attached to the instant motion that she has witnessed Plaintiff's "mental health deteriorate" since May 2021. (ECF No. 32-1 at ¶ 7.) As a consequence of this deterioration, Plaintiff was recently found incompetent to stand trial in Riverside County and has been residing at Patton State Hospital. (*Id.* at ¶¶ 8–9.) Relevant to this case, on February 22, 2024, the Court held an

Early Neutral Evaluation Conference. Plaintiff did not appear. (ECF No. 27.) Based on these facts and Plaintiff's history of mental illness, the Court finds Plaintiff lacks the capacity to meaningfully participate in the proceedings without the assistance of a guardian ad litem.

Plaintiff's Counsel moves to appoint Coleen Cusack as guardian ad litem in this matter. (ECF No. 32.) Cusack is a licensed California attorney and employed in San Diego, California. (*Id.*) Cusack purports to having no interest potentially adverse to Plaintiff. (*Id.*) She is not a party to the case and the Court does not identify any potentially adverse interests to her acting as guardian ad litem. If Cusack does not perform responsibly or if a conflict of interest arises, the Court has the power to remove Cusack as guardian ad litem. *See Robbins v. Mscripts, LLC*, No. 23-CV-01381-LB, 2023 WL 4205773, at *4 (N.D. Cal. June 27, 2023).

### III.  Conclusion

For the foregoing reasons, Plaintiff's Counsel's motion to appoint Coleen Cusack as guardian ad litem for Plaintiff Evans is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 28, 2024**

Hon. Cynthia Bashant
United States District Judge