1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JESSE EVANS,                                    Case No. 23-cv-0883-BAS-WVG

12                                    Plaintiff,

13        v.                                          **ORDER GRANTING IN PART AND**
                                                      **DENYING IN PART DEFENDANT's**
14    CITY OF SAN DIEGO, *et al.*,                    **MOTION TO DISMISS**
                                                      **(ECF No. 33)**
15                                    Defendants.

16

17

18           Pending before the Court is Defendant the City of San Diego's motion to partially

19    dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 33.)

20    Specifically, Defendant argues Plaintiff fails to adequately plead a violation of the

21    Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.  The Court previously

22    dismissed Plaintiff's ADA claim with leave to amend.  (ECF No. 25.)  Plaintiff then filed

23    his Second Amended Complaint.  ("SAC", ECF No. 29.)  Defendant again moves to

24    dismiss Plaintiff's ADA claim.  (ECF No. 33.)  Having considered the parties' filings and

25    for the reasons herein, the Court **GRANTS IN PART AND DENIES IN PART**

26    Defendant's motion to dismiss.

27    //

28    //

- 1 -

23cv0883

## I.   BACKGROUND

The facts of this case are more fulsomely described in the Court's order on Defendant's prior motion to dismiss. (ECF No. 25.)  The Court previously found although Plaintiff sufficiently plead he has a disability, he failed to adequately allege a denial of reasonable accommodations or a violation of the ADA in the context of his arrest. (*Id.*)  The Court dismissed Plaintiff's ADA claim with leave to amend. (*Id.*)

On February 26, 2024, Plaintiff filed his Second Amended Complaint.  Plaintiff now alleges he was arrested by reason of his disability, he was denied reasonable accommodations during the course of his arrest, and he was denied reasonable accommodations following his arrest. (SAC at ¶¶ 63–73.)  On March 27, 2024, Defendant filed the instant motion to dismiss arguing Plaintiff again fails to allege a violation of the ADA. (ECF No. 33.)

## II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a cause of action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  A complaint states a plausible claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must accept all factual allegations pleaded in the complaint as true and and draw all reasonable inferences in favor of the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not accept conclusory allegations as true; rather, it must "examine whether conclusory allegations follow from the description

1  of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.

2  1992) (citation omitted).

3      Where a complaint fails to state a plausible claim, the court "should grant leave to

4  amend even if no request to amend the pleading was made, unless it determines that the

5  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

6  F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations omitted).

7  **III.   ANALYSIS**

8      Plaintiff alleges he suffered discrimination (1) during his arrest and (2) by being

9  denied a reasonable accommodation following his arrest.  (SAC at ¶¶ 63–73.)  Defendant

10  contends Plaintiff fails to state an ADA claim upon which relief can be granted.

11      Title II of the ADA provides ". . . no qualified individual with a disability shall, by

12  reason of such disability, be excluded from participation in or be denied the benefits of the

13  services, programs, or activities of a public entity, or be subjected to discrimination by any

14  such entity." 42 U.S.C. § 12132.  To show a denial of services violates Title II of the ADA,

15  the Ninth Circuit has held a plaintiff must show: (1) he "is an individual with a disability";

16  (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's

17  services, programs, or activities"; (3) he "was either excluded from participation in or

18  denied the benefits of the public entity's services, programs, or activities, or was otherwise

19  discriminated against by the public entity"; and (4) "such exclusion, denial of benefits, or

20  discrimination was by reason of [his] disability."  *See McGary v. City of Portland*, 386

21  F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.

22  2002) (per curiam)).  The Court previously found Plaintiff adequately alleged he is an

23  individual with a disability.  (ECF No. 25.)

24      In the context of an arrest, Title II of the ADA applies either where police "wrongly

25  arrest someone with a disability because they misperceive the effects of that disability as

26  criminal activity" or where police "fail to reasonably accommodate the person's disability

27  in the course of investigation or arrest, causing the person to suffer greater injury or

28  indignity in that process than other arrestees." *Sheehan v. City & Cnty. of San Francisco*,

743 F.3d 1211, 1232 (9th Cir. 2014) (rev'd on other grounds by *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600 (2015)).  The Ninth Circuit has recognized, in certain circumstances, arresting officers must employ "generally accepted police practices for peaceably resolving a confrontation with a person with mental illness" in order to comply with the ADA.  *Id.*  *See also Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018).

### A.     Judicial Notice

Defendant first urges the Court to review the arresting officers' body camera footage in support of its motion to dismiss.  (ECF No. 33-1 at 12–13.)  Ordinarily, if the trial court considers evidence outside the pleadings, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.  *See* Fed. R. Civ. P. 12(b).  A court may, however, consider external evidence in a Rule 12(b)(6) motion where the document is incorporated by reference in the pleadings because the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  A court may also take judicial notice of "matters of public record" under Federal Rule of Evidence 201.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citations omitted).  A court may not, however, take judicial notice of disputed facts contained in public records.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  Defendant argues Plaintiff incorporates the body camera footage by reference because it forms the basis for Plaintiff's claim, and the footage is otherwise a matter of public record subject to judicial notice.  (ECF No. 33-1 at 12.)

With respect to the first exception, Plaintiff does not refer to the footage extensively in his Second Amended Complaint, and the video footage does not form the basis for his claims.  While the body camera footage allegedly documents the incident at issue, it is not the crux of Plaintiff's action: Plaintiff only refers to the body camera footage once in his Second Amended Complaint.  (SAC at ¶ 23.)  Courts have found this sort of passing reference is insufficient for incorporation by reference.  *See, e.g., Lee v. City of San Diego*, No. 18-CV-0159-W-BLM, 2019 WL 117775, at *4–5 (S.D. Cal. Jan. 7, 2019); *Sanz v. City*

23cv0883

1 | *of Vallejo*, No. 19-CV-02134-TLN-DB, 2021 WL 2682162, at *4 (E.D. Cal. June 30,
2 | 2021).

3 |     With respect to the second exception, the Court is not persuaded the body camera
4 | footage is the type of record whose accuracy cannot be reasonably disputed.  The parties
5 | dispute what occurred, and Defendant offers the footage to attack the underlying facts of
6 | Plaintiff's allegations.  This use goes beyond the purposes of judicial notice.  Other courts
7 | have similarly declined to judicially notice body camera footage purportedly showing the
8 | arresting officers did not use excessive force or had probable cause.  *See, e.g.*,
9 | *Knickerbocker v. U.S. Dep't of Interior*, No. 16-CV-01811-DAD-JLT, 2018 WL 836307,
10 | at *6 (E.D. Cal. Feb. 13, 2018); *Rodriguez v. Cnty. of Santa Cruz*, No. 22-CV-07836-JST,
11 | 2023 WL 4687197, at *3 (N.D. Cal. July 20, 2023).  Accordingly, the Court does not take
12 | judicial notice of the officers' body camera footage.

13 | **B.  Arrest**

14 |     Plaintiff asserts the ADA was violated in the context of his arrest in two ways.  First,
15 | Plaintiff claims the arresting officers confronted him for innocent conduct they perceived
16 | as criminal activity due to his disability.  (SAC at ¶ 69.)  Plaintiff alleges he was taking his
17 | morning walk, and for some reason, stepped into the bushes near the road with his back to
18 | passing cars.  (*Id.* at ¶ 21.)  Plaintiff contends that due to his disability the arresting officers
19 | falsely accused him of urinating in public, which he had not done.  (*Id.* at ¶ 23–24.)
20 | Defendant argues Plaintiff's claims should be dismissed because during his arrest he made
21 | statements indicating there was a reasonable suspicion he was urinating in public.
22 | Defendant further argues a need to urinate is unrelated to his disability such that the officers
23 | could not have discriminated against him by arresting him for public urination.  (ECF No.
24 | 33-1 at 15.)

25 |     As an initial matter, whether the arresting officers had a reasonable suspicion
26 | Plaintiff was urinating in public is a question of fact inappropriate for a motion to dismiss.
27 | *See, e.g.*, *Brockman v. Cnty. of San Diego*, No. 22-CV-0512-GPC-BLM, 2022 WL
28 | 15524598, at *3 (S.D. Cal. Oct. 27, 2022) (denying a motion to dismiss where the court

23cv0883

could "draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." (citation omitted)). It is further irrelevant that Plaintiff's need to urinate is unrelated to his disability. Plaintiff alleges the arresting officers mistook his innocent conduct of walking along the street and stepping into the bushes as criminal activity. He claims their misinterpretation of his conduct was due to his mental health disability. This is plausible because Plaintiff was wearing an orange life preserver around this neck while taking his walk. (SAC at ¶ 20.) Plaintiff's allegations are sufficient to state a claim under the ADA. *See, e.g.*, *Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1148–49 (N.D. Cal. 2016) (denying a motion for summary judgment where a reasonable jury could determine plaintiff's strange behavior was caused by a mental disability and not intoxication).

Second, Plaintiff alleges he suffered a greater injury or indignity during the arrest process than other arrestees by virtue of his disability. Plaintiff contends due to his disability he was "beaten, detained, and arrested" and that "other arrestees do not typically receive a beating and far fewer require hospitalization and treatment for officer-inflicted injuries which, as in this case, result in permanent scarring of their face." (SAC at ¶ 70.) Defendant first argues Plaintiff resisted arrest such that there was no time to consider his disability in their decision to use force. (ECF No. 33-1 at 15.) Again, this argument presents questions of facts which cannot be resolved in a motion to dismiss. The Ninth Circuit has held whether an accommodation employed during an arrest, or lack thereof, is reasonable is ordinarily a question of fact. *Sheehan*, 743 F.3d at 1233. And whether the arresting officers had time to use non-violent means to accommodate Plaintiff's disability is a question of fact that cannot be resolved at the pleading stage. *See, e.g.*, *NAACP of San Jose/Silicon Valley v. City of San Jose*, 562 F. Supp. 3d 382, 406 (N.D. Cal. 2021) (denying the defendant's motion to dismiss because "the reasonableness of any possible accommodations" is "a question of fact that cannot be resolved at the pleading stage"); *Harper v. Cnty. of Merced*, No. 18-CV-00562-LJO-SKO, 2018 WL 5880786, at *8 (E.D. Cal. Nov. 8, 2018).

23cv0883

1    Plaintiff alleges the San Diego Police Department knows its officers routinely use

2    excessive force.  (SAC at ¶¶ 38, 39.)  Defendant argues because they supposedly often use

3    excessive force, the arresting officers could not have used excessive force due to

4    Defendant's disability.  (ECF No. 33-1 at 15–16.)  Regardless of whether Defendant's

5    police officers routinely use excessive force, Plaintiff has adequately alleged the arresting

6    officers targeted him and deployed excessive force due to his disability.  For example,

7    Plaintiff alleges the officers said to one another "I'm up for anything" and subsequently

8    pursued Plaintiff in their vehicle before beating him.  (SAC at ¶¶ 27–29.)  Making all

9    inferences in favor of the nonmovant, this is sufficient to state a claim under the ADA.  *See,*

10   *e.g., Johnson v. Regents of the Univ. of Cal.*, No. CV-20-06561-DDP-PD, 2020 WL

11   6114902, at *6 (C.D. Cal. Aug. 11, 2020) (finding a *pro se* plaintiff's complaint survived

12   initial screening, under the same standard as a motion to dismiss under Rule 12(b)(6),

13   because the arresting officers failed to accommodate her mental disability).

14       Accordingly, Defendant's motion to dismiss Plaintiff's ADA claim with respect to

15   Plaintiff's arrest is denied.

16   **C.    Post Arrest**

17       Plaintiff again alleges Defendant violated the ADA by failing to make reasonable

18   accommodations following his arrest.  He claims Defendant failed to transfer him to a

19   mental health facility due to his disability.  (SAC at ¶ 68.)  The Court previously dismissed

20   Plaintiff's reasonable accommodation claim because he failed to show he was "otherwise

21   qualified" to receive these benefits.  (ECF No. 25.)  The Ninth Circuit has held it is not

22   discrimination under the ADA to deny treatment inextricably linked to a plaintiff's

23   disability because a plaintiff is not "otherwise qualified" to receive those services.  *See*

24   *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (holding the "ADA

25   prohibits discrimination because of disability, not inadequate treatment for disability");

26   *O'Guinn v. Nev. Dep't of Corr.*, 468 Fed. App'x. 651, 653 (9th Cir. 2012) (holding the

27   ADA does not apply to claims that a detainee "was discriminatorily denied mental health

28   treatment because of his mental health disability").  As discussed in the Court's prior

23cv0883

ruling, however, Defendant only needs a transfer to a mental health facility because he is disabled.  In his Second Amended Complaint, Plaintiff again fails to sufficiently allege he is "otherwise qualified" to receive a transfer for reasons beyond his disability.  Because Plaintiff has had the opportunity to amend and amendment appears futile, Plaintiff's claim for violation of the ADA in relation to being denied transfer to a mental health facility is thus dismissed without leave to amend.

## IV.    CONCLUSION

Defendant's Motion to Dismiss (ECF No. 33) is **GRANTED IN PART AND DENIED IN PART.**  Defendant's motion is granted with respect to Plaintiff's claim of denial of reasonable accommodations following his arrest but denied with respect to Plaintiff's claims of discriminatory arrest and denial of reasonable accommodations during his arrest.  Defendants must file their answer to Plaintiff's complaint in due course.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

Hon. Cynthia Bashant
United States District Judge

- 8 -

23cv0883