# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE EVANS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; CHIEF DAVID NISLEIT; OFFICER VICTOR RODRIGUEZ; OFFICER MARK WILLIAMS; and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 3:23-cv-00883-BAS-VET<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER AND ISSUING SECOND AMENDED SCHEDULING ORDER**<br><br>[Doc. No. 51] |

Before the Court is the parties' Joint Motion to Amend Scheduling Order ("Joint Motion"). Doc. No. 51. For the reasons stated below, the Court **GRANTS** the Joint Motion and **ISSUES** a Second Amended Scheduling Order.

## I.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc.* (*In re W.*

*States Wholesale Natural Gas Antitrust Litig.*), 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A *Wright, Miller & Kane, Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* "If the moving party was not diligent, the inquiry should end." *Id.*; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Further, Civil Local Rule 16.1(b) requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." Civ.LR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the Parties to meet current deadlines and reasons why the Parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## II.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act for alleged civil rights violations arising from an incident on May 12, 2021. On April 23, 2024, the Court issued the initial Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 38. Pursuant thereto, the parties had nine months to conduct fact and expert discovery.

On October 24, 2024, the parties filed their first Joint Motion to Amend Scheduling Order. Doc. No. 46. The parties requested a 120-day extension of the fact discovery and motions deadlines and asked to move expert discovery deadlines to dates after the completion of fact discovery. *Id.* at 2. The parties represented that the requested extension

was necessary to accommodate discovery delays and difficulties obtaining information due to Plaintiff's mental health status and involuntary commitment at a state hospital. *Id*. at 5.

On November 8, 2024, the Court held a status conference regarding the first Joint Motion. Doc. No. 48. Plaintiff's counsel expressed difficulty getting in contact with Plaintiff due to him being detained and moved between multiple state institutions. *Id.* at 5. The Court granted the motion in part and gave the parties an additional 60 days for fact discovery and 90 days for expert discovery. Doc. No. 49. Additionally, the Court held that it was important for Plaintiff's Guardian ad Litem to move the case forward and pursue discovery on Plaintiff's behalf, including deposing defendants.

On January 24, 2025, the parties filed the instant Joint Motion requesting another extension of time to complete discovery. Doc. No. 51. The parties ask for a 30-day continuance of the fact discovery deadline, and they ask to move all expert deadlines to after the fact discovery deadline. *Id.* at 3. The Court held a hearing on the Joint Motion on January 30, 2025. Doc. No. 52. During the hearing, Plaintiff's counsel revealed information that illuminated the difficulties that she was having moving the case forward. While the Court appreciates the unique challenges of this case, the Court is concerned about the pace in which discovery is happening. The initial Scheduling Order was issued on April 23, 2024, and so far, not a single deposition has happened in this case. As expressed to the parties during the hearing, while the Court is sympathetic to Plaintiff's situation, the case needs to move forward.

Accordingly, the Court finds there is good cause to extend certain deadlines, but notes that **no further continuances shall be granted**. Therefore, the Court **GRANTS** the Joint Motion.

### III. SECOND AMENDED SCHEDULING ORDER

Good cause appearing, the Court **AMENDS** the operative scheduling order (Doc. No. 49) as follows:

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

      2.      Plaintiff (or the party having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 24, 2025**. Defendants (or the parties defending any claim, counterclaim, crossclaim, or third-party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **April 24, 2025**. On or before **May 23, 2025**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

      **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

      3.      All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **April 24, 2025**. Any contradictory or rebuttal information shall be disclosed on or before **May 23, 2025**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

      **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All fact discovery shall be completed by all parties by **March 24, 2025**. All expert discovery shall be completed by all parties by **June 23, 2025**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

5. A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **June 5, 2025** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

    a. The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

    b. **Full Settlement Authority Required.** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

   c. **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Local Rule 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

   d. **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

   e. **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov

---

[2] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, not be driving while speaking to the Court, or otherwise distracted).

6. All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **June 23, 2025**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.** Failure of counsel to timely request a motion date may result in the motion not being heard. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

7. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **September 22, 2025**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the**

1 **sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the**
2 **introduction of experts or other designated matters in evidence.**

3   9.   In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2. For bench trials only, Memoranda of Contentions of Fact and Law are to be filed on or before **September 22, 2025**.

7   10.   Counsel shall confer and take the action required by Local Rule 16.1.f.4 on or before **September 29, 2025**.

9   11.   Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **October 6, 2025**.

12   12.   The proposed pretrial order shall be lodged with the district judge's chambers on or before **October 13, 2025**, and shall be in the form prescribed in Local Rule 16.1.f.6.

14   13.   The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Monday, **October 27, 2025** at **11:00 a.m.**.

16   14.   All motions *in limine* are due no later than **November 10, 2025**.

17   15.   All responses to the motions *in limine* are due no later than **November 24, 2025**.

19   16.   The parties shall submit the following no later than **November 24, 2025**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

22   17.   The parties shall exchange final exhibit and witness lists no later than **December 16, 2025**.

24   18.   A hearing for motions *in limine* is scheduled for Monday, **December 15, 2025** at **10:30 a.m.**.

26   19.   The trial in this matter shall commence on Tuesday, **December 23, 2025** at **9:00 a.m.**.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 31, 2025

Honorable Valerie E. Torres
United States Magistrate Judge