UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE EVANS by and through his guardian ad litem COLEEN CUSACK, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SAN DIEGO, CHIEF DAVID NISLEIT, OFFICER VICTOR RODRIGUEZ, OFFICER MARK WILLIAMS, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 23-cv-00883-BAS-VET <br><br> **REPORT AND RECOMMENDATION RE: PETITION FOR APPROVAL OF COMPROMISE FOR INCOMPETENT PLAINTIFF** |

Pending before the Court is the parties' Joint Petition for Approval of Compromise of Claim of Incompetent Person ("Joint Petition"). Dkt. No. 64. The undersigned submits this Report and Recommendation to Chief District Judge Cynthia Bashant pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California.

After reviewing the Joint Petition and all supporting documents, the Court **RECOMMENDS** Chief Judge Bashant **GRANT** the Joint Petition.

/ /

/ /

# I. <u>BACKGROUND</u>

Plaintiff, who is disabled from schizophrenia, alleges:

> On May 12, 2021, [plaintiff,] a black unhoused resident of San Diego, CA [was] walking down the street on his way to the beach a little before 9:00 [a.m]. . . . As [plaintiff] walked down the street unarmed, and presenting no danger to anyone, San Diego police officers arrested him without probable cause. During the unlawful arrest, [plaintiff alleges] the officers viciously beat [him], while onlookers who video recorded the incident pleaded with officers to stop. [Plaintiff] was transported to the hospital because of the beating which left him with permanent scarring on his face. San Diego Police Department submitted a criminal case against [plaintiff;] however[,] prosecutors declined to issue charges against him.

Dkt. No. 29 at 1:24 – 2:5.

Plaintiff initiated this case on May 12, 2023, more than two years prior to the filing of this Joint Petition. Dkt. No. 1. During this period, plaintiff became a conservatee in a Riverside County public conservatorship. Dkt. No. 64 at 12-15. In addition to his counsel, plaintiff's interests are represented in this case by Coleen Cusack, an appointed guardian ad litem ("GAL"), due to his paranoid schizophrenia diagnosis, and in accordance with California Probate Code § 1003. Dkt. No. 36.

The parties entered into a Settlement Agreement on May 1, 2025. Dkt. No. 64, ¶ 1. The terms of this agreement are comprised of a twenty-five-thousand-dollar ($25,000.00) payment from defendant to plaintiff and plaintiff's full release of claims against defendants. *Id*. Plaintiff's schizophrenia diagnosis renders him disabled and requires his settlement offer and proposed distribution methods be approved by court order. Cal. Prob. Code § 3610. As such, plaintiff's counsel and GAL have proposed two alternative methods of settlement fund disbursement pursuant to Probate Code § 3611(b), (d): a court-supervised blocked account or an attorney-client trust account holding. Dkt. No. 64 at 4:24 – 6:2.

//

//

//

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) obligates federal courts to safeguard the interests of mentally incapacitated litigants. The U.S. District Court for the Southern District of California expands upon this duty in Local Civil Rule 17.1.a., which states:

> No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue.

## III. ANALYSIS

This Court must examine three issues independently: (1) the proposed settlement agreement; (2) the proposed settlement disbursement methods; and (3) the attorney fee agreement. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82 (9th Cir. 2011).

A. The Settlement Agreement is Fair, Reasonable, and in Plaintiff's Best Interest

When reviewing the settlement agreement, the Court must examine if "the net amount distributed . . . in the settlement is fair and reasonable, in light of the facts of the case, the [] specific claim, and recovery in similar cases." *Id*. at 1182. Furthermore, the settlement must be examined for what serves "the best interests of the incompetent" independently from the requested attorney fee award. *Motlagh v. Macy's Corp. Servs., Inc.*, No. 19-CV-00042-JLB, 2020 WL 7385836 at *3 (S.D. Cal. Dec. 16, 2020).

The total proposed settlement amount herein is twenty-five-thousand dollars ($25,000.00), with fifteen-thousand dollars ($15,000.00) distributed to plaintiff and ten-thousand dollars ($10,000.00) to plaintiff's attorney. Dkt. No. 64 at 4:15-18. Plaintiff's injuries do not warrant a larger award. "As a result of the [alleged] attack, [plaintiff] was hospitalized and received sutures to his face, resulting in permanent scarring below his eye." Dkt. No. 64 at 3:19-20. Plaintiff currently receives care in a residential facility through SSI, SSDI, and Medi-Cal and has not incurred medical debt or costs related to his minor injuries. Dkt. Nos. 64 at 5:11-13; 32; 36.

Although plaintiff's counsel has not cited to recovery awards of plaintiffs who are similarly situated, the Court finds that this proposed settlement amount aligns with factually similar civil rights claims. *See D.D. v. Cnty. of Kern*, No.: 1:20-CV-00064-DAD-JLT, 2021 WL 237258 at *1 (E.D. Cal. Jan. 25, 2021) (approving a $25,000 settlement to an autistic minor whose arm was broken by an officer while in custody and his injuries required surgery, surgical screws, and physical therapy).

Furthermore, the specific facts and circumstances of this case present difficulties in counsels' abilities to both try and defend against these claims, which are addressed in plaintiff's GAL's declaration. Dkt. No. 64-1. Plaintiff's GAL "believe[s] [plaintiff] has strong claims against the defendants, [but] federal civil rights litigation carries significant risks and uncertainties, including potential qualified immunity defenses." Dkt. No. 64-1, ¶ 13. Defendants have asserted the qualified immunity defense, which plaintiff's counsel conceded as an inherent risk to this claim. Dkt. No. 13 at 11:12-15; Dkt. No. 64 at 7:3-5. *See Kisela v. Hughes*, 584 U.S. 100, 121 (2018) (Sotomayor, J., dissenting) (illustrating the high burden placed on plaintiffs to overcome the qualified immunity defense).

In addition to an uncertain outcome, "[c]ontinued litigation would subject [plaintiff] to the stress . . . of trial proceedings, which could be particularly harmful given his psychiatric condition. The settlement provides immediate financial benefit to [plaintiff] while avoiding the costs [and] delays . . . of continued litigation." Dkt. No. 64-1, ¶¶ 14-15.

Importantly, after careful review with plaintiff's counsel, plaintiff's GAL "believe[s] [the proposed settlement amount] represents a fair and reasonable resolution to [plaintiff]'s claims." Dkt. No. 64-1, ¶ 12.

Taken together, the facts and circumstances of this claim in comparison to other factually similar cases demonstrate plaintiff's net recovery is fair, reasonable, and in his best interest.

//

//

//

4

23-cv-00883-BAS-VET

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

B. <u>The Proposed Distribution Methods are Fair, Reasonable, and in Plaintiff's Best Interest</u>

In addition to reviewing the monetary aspect of the settlement, the Court must also review the proposed disbursement methods for fairness and whether it is in the best interest of the plaintiff. Cal. Prob. Code §§ 3600, 3611; CivLR 17.1b. Settlement awards to minor or mentally incompetent plaintiffs must be dispersed according to Probate Code §§ 3600, et seq.

Plaintiff's attorney and GAL propose plaintiff's net recovery be placed in either a court-supervised blocked account or an attorney-client trust account holding. Dkt. No. 64 at 4:15 – 6:2. Court-supervised blocked accounts are a sanctioned distribution method. Cal. Prob. Code § 3602(c)(1). The proposed account "will preserve [plaintiff]'s eligibility for SSI, SSDI, and Medi-Cal benefits" while waiting for enrollment requirements to expand on January 1, 2026. Dkt. No. 64 at 5:11-12. Additionally, the "interest earned on the account shall accrue for [plaintiff]'s benefit" [*id*. at 5:12-13], and the funds are "subject to withdrawal only upon [c]ourt order [*id*. at 3:6-7].

Plaintiff's GAL agrees both proposed methods by plaintiff's counsel "preserve [plaintiff]'s eligibility for SSI, SSDI, and Medi-Cal benefits, provide appropriate oversight and accountability, include specific provisions for transfer to a CalAble account in January 2026, and [e]nsure coordination with the Riverside County Public Guardian as [plaintiff's] conservator." Dkt. No. 64-1, ¶ 20.

Because the proposed court-supervised blocked account method contemplates plaintiff's current and future needs, the proposal is reasonable and in his best interest. As such, the secondary proposed method does not necessitate close judicial review.

C. <u>The Contingency Fee Agreement is Fair and Reasonable</u>

Because plaintiff and plaintiff's counsel entered into a contingent attorney fee agreement, this Court must determine if the attorney fee arrangement is reasonable as well. Cal. Prob. Code § 3601(a); CivLR17.1(b). Pursuant to Probate Code § 3601, a list of non-exhaustive factors to aid in this analysis include: (a) the fact and circumstances of the

incompetent individual; (b) the amount of the fee in portion to the amount of work performed; (c) the novelty and difficulty of the issues; (d) the amount involved and the results obtained; (e) the potential time limitations; (f) the nature and length of relationship between the attorney and conservator; (g) experience; (h) the preclusions of attorney from other employment; and, (i) if contingent, the amount of cost advanced by the attorney and delay in payment of fees. Cal. R. of Ct. 7.955(b).

Plaintiff and plaintiff's counsel entered into a contingency fee agreement for 40% payable from the settlement directly to plaintiff's counsel. Plaintiff's counsel is not seeking reimbursement for costs. Dkt. No. 64 at 4:17-18. As such, the fee agreement would provide $10,000 to plaintiff's counsel. *Id.* at 4:16-17. As previously stated, the fee agreement is examined for its reasonableness independently from the settlement portion awarded to plaintiff. *Robidoux*, 638 F.3d at 1182.

The Complaint herein raised civil rights claims, which are claims customarily represented by attorneys under contingency fee agreements. *See D.D.*, 2021 WL 237258 at *2 (finding the attorney fee contingency agreement outlining 40% to be payable to minor plaintiff's attorney was reasonable). This Court has found similar contingency agreements reasonable for the representation of mentally incapacitated adults. *See Motlagh, Inc.*, 2020 WL 7385836 at *5 (holding the 40% contingency fee agreement as reasonable when representing a plaintiff with dementia against Macy's alleged tortious conduct).

Furthermore, plaintiff's counsel frontloaded the costs of litigation and is not seeking reimbursement of these costs, although she could. Plaintiff's counsel achieved a positive outcome for plaintiff after two years, which was otherwise uncertain if taken to trial.

While the claims presented in this lawsuit are not novel, plaintiff's frequent and substantial breaks from reality were obstacles to counsel's representation of him. *See* Dkt. No. 64-1, ¶¶ 4-5 (describing the difficulties plaintiff's diagnosis induces in his daily life). Despite this challenge, since the inception of this case, plaintiff's counsel attended two Early Neutral Evaluation Conferences, filed an Opposition against defendants' Motion to Dismiss, conducted a Rule 26(f) conference, exchanged initial disclosures, filed a Motion

to Appoint a GAL, and prepared related documents for filing or lodgment. Dkt. Nos. 27; 37; 15; 18; 38; 32. Plaintiff's counsel's representation likely precluded her from other employment opportunities.

When balancing the Probate Code delineated factors for the settlement agreement independently from plaintiff's award amount, the fee agreement is reasonable. Cal. Prob. Code § 3601(a); Cal. R. of Ct. 7.955(b).

## IV. <u>CONCLUSION</u>

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that Chief Judge Bashant issue an Order:

(1) adopting this report and recommendation;

(2) **GRANTING** the Joint Petition for Approval; and

(3) approving the proposed settlement, proposed distribution methods, and attorney fees as fair and reasonable.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **<u>December 16, 2025</u>**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that a reply to the objections shall be filed with the Court and served on all parties no later than **<u>December 23, 2025</u>**. The failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)

Dated: December 1, 2025

Hon. Karen S. Crawford
United States Magistrate Judge